UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re: NOAH SAPIR,                                                        No. 23-10443-j7

Debtor.

**MEMORANDUM OPINION AND ORDER ADDRESSING
WHETHER THE PENDENCY OF THE CHAPTER 7 CASE POSES
ANY IMPEDIMENT TO DEBTOR'S AUTHORITY TO PROSECUTE
THE NEW YORK APPEAL AND RETAIN THE PACE FIRM**

The Court will address (i) whether the conversion of this bankruptcy case from a case under chapter 11 to a case under chapter 7 impacts the Debtor's authority to prosecute an appeal, independently of the Chapter 7 Trustee,[1] of a New York state court judgment against the Debtor and (ii) whether J. Pace Law, PLLC (the "Pace Firm"), which the Debtor retained, pursuant to 11 U.S.C. § 327(a),[2] to represent him in the appeal while this case was pending under chapter 11, may continue to represent the Debtor without Bankruptcy Court approval after conversion of the case to chapter 7. Those issues are governed by bankruptcy law. For the reasons stated below, the Court has determined that the Debtor has authority to prosecute the appeal of a New York state court judgment against him independently of the Chapter 7 Trustee, and the Pace Firm may continue to represent the Debtor at no expense to the bankruptcy estate without Bankruptcy Court approval.

---

[1] The Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on June 6, 2023. (Doc. 1). The chapter 11 case converted to a case under chapter 7 on March 21, 2025. (Doc. 313).

[2] Unless otherwise indicated, references to "§" or "§§" refer to sections of Title 11 of the United States Code, 11 U.S.C.

On March 15, 2023, a New York trial court entered judgment in excess of $6.8 million (the "New York Judgment") against the Debtor and others in favor of the appellees, Bechem Creditors[3] and Vincente Toribio, based on a finding that Feldor Billiards, Inc. violated New York labor law by failing to distribute gratuities to employees from July 2008 through July 2014.[4] Debtor's appeal of the New York Judgment, which was taken prior to conversion of Debtor's chapter 11 case to a case under chapter 7, is pending in the First Appellate Division of the New York Supreme Court (the "New York Appeal"), No. 2023-02377. In the appeal, the Debtor challenges, among other things, whether the New York trial court erred in calculating damages because it failed to give the appellants credit for a substantial increase in the employees' wages paid in lieu of tips. The matter is set for oral argument this spring. The Pace Firm represents Debtor in the New York Appeal. The Debtor's mother is paying all costs associated with the New York Appeal, including attorneys' fees.

This bankruptcy case converted from a case under chapter 11 to a case under chapter 7 on March 21, 2025, and Yvette J. Gonzales was appointed as Chapter 7 Trustee as the representative of the bankruptcy estate. (Doc. 313). While this case was pending under chapter 11, this Court granted relief from the automatic stay so the appeal could proceed (s*ee* Docs. 132 and 133) and entered an order approving Debtor's employment of the Pace Firm and Mr. Pace in connection with the appeal. *See* (Doc. 135).

---

[3] The "Bechem Creditors" consist of: Jennifer Bechem, Brendan Burke, Liam Bush, Rigdzin Collins, Jenny Cruz, Penelope Cruz, Renee Cruz, Vanessa Cruz, Alexis David, Querlim Franco, Mieko Gavia, Stephanie Henriquez, Kerri Kender, Kamila Narewska, Lily Nunez, Jose Perez, Angel Pimentel, Stephanie Pon, Alexander Rubin, and Anthony Thambynayagam. The Bechem Creditors are former employees of Feldor Billiards, Inc.

[4] The Bechem Creditors filed proofs of claims case in excess of $6 million based on the New York judgment. See proofs of claim 2-14, 16-22, 25.

At least four matters are pending in this Court that could be affected by the outcome of the New York Appeal.

1. The Bechem Creditors filed an adversary proceeding (the "Nondischargeability Action") against the Debtor in which they assert that under § 523(a)(4) and (6) the Debtor is not entitled to discharge of the debt represented by the New York judgment against him. Adversary Proceeding 23-01037.

2. The Bechem Creditors filed an objection to Debtor's claim of exemption in an individual retirement account to the extent it holds contributions from tips that should have been paid to the Bechem Creditors, and on other grounds. (Doc. 49).

3. The Bechem Creditors filed a motion for relief from stay (Doc. 50) asking this Court to modify the stay to permit them to levy and execute on $800,000 on deposit in a financial institution that is subject to an order of attachment by the New York trial court in connection with the New York Judgment. (Doc. 50 at 5.)

4. The Debtor filed an adversary proceeding seeking to avoid the attachment against the $800,000 as a preferential transfer. Adversary Proceeding 25-01003 (Doc. 1). This Court ordered the Chapter 7 Trustee substituted as the plaintiff in the Debtor's adversary proceeding to avoid the attachment against the $800,000. AP 25-01003 (Doc. 10).

Because of the impact of the outcome of the New York Appeal on matters pending before this Court, this Court raised the questions addressed herein, which are governed by bankruptcy law. (Doc. 331). The Court fixed a deadline for the Chapter 7 Trustee, United States Trustee, Vincente Toribio, and/or the Bechem Creditors to (a) contest the Debtor's authority to continue prosecuting the New York Appeal independently of the Chapter 7 Trustee, and/or (b) object to the Pace Firm's continued representation of the Debtor, at no expense to the bankruptcy estate, in the

New York Appeal without obtaining approval of this Court of such representation. (*Id*.). No objections were filed.

## DISCUSSION

Despite the conversion of this bankruptcy case from a case under chapter 11 to a case under chapter 7, there is no bankruptcy law impediment to the Debtor's authority to prosecute the New York Appeal independently of the Chapter 7 Trustee because of the Debtor's personal interest in its outcome.

In the Nondischargeability Action, the Bechem Creditors claim that a debt the Debtor owes them—represented by the New York Judgment—should be excepted from the bankruptcy discharge. AP 23-01037, (Doc. 1). An action to except a debt from the discharge involves "two separate and distinct causes of action: One cause of action is on the debt and the other cause of action is on the dischargeability of that debt, a cause of action that arises solely by virtue of the Bankruptcy Code and its discharge provisions." *Resolution Tr. Corp. v. McKendry* (*In re McKendry)*, 40 F.3d 331, 336 (10th Cir.1994) (internal quotation marks and citation omitted). *See also In re Thompson*, 555 B.R. 1, 8 (10th Cir. BAP 2016) (an action to except a debt from the discharge involves a two-part analysis: the first part determines the validity of the debt under applicable law and the second determines the dischargeability of that debt under bankruptcy law).

In the nondischargeability action context, the Bechem Creditors' claim to establish the debt, whether asserted in bankruptcy court or state court, is a claim against the Debtor in his personal capacity. It is not a claim against the bankruptcy estate. This is so because the Bechem Creditors assert that the Debtor is not entitled to discharge the debt in the bankruptcy case, and that the Debtor, in addition to the bankruptcy estate, will remain liable for the debt after the chapter 7 bankruptcy case is closed. In contrast, the proofs of claim the Bechem Creditors filed in the

Case 23-10443-j7    Doc 348    Filed 04/24/25    Entered 04/24/25 13:15:03 Page 4 of 7

bankruptcy case based on that same debt are claims against the bankruptcy estate. Hence, the Chapter 7 Trustee represents the estate with respect to Bechem Creditors' claims against the bankruptcy estate; she does not represent the interests of the Debtor with respect to the Debtor's personal liability for the same debt.

The New York Appeal therefore implicates both the validity and amount of the debt against the Debtor personally that is the subject matter of the Nondischargeablity Action and the debt of the Chapter 7 Trustee in her capacity as representative of the bankruptcy estate. Following conversion of the chapter 11 case to chapter 7, the Debtor has elected to continue to prosecute the New York Appeal to challenge the validity and/or amount of the debt forming the basis of the New York Judgment against him personally. The Chapter 7 Trustee, as the representative of the bankruptcy estate, has decided not to challenge the validity and/or amount of the debt of the bankruptcy estate.

Because the New York Appeal challenges the validity and/or amount of a debt owed by the Debtor personally, separately from any claims against the bankruptcy estate, and the Bechem Creditors claim the debt should be excepted from any discharge granted to the Debtor, the Debtor has the authority to prosecute the New York Appeal independently of the Chapter 7 Trustee. *Cf. In re Neira Rivera*, 14 F.4th 60, 67 (1st Cir. 2021) (stating "a chapter 7 debtor may demonstrate standing [to appeal] by establishing that the challenged order 'would adversely affect the terms and conditions of his chapter 7 discharge'" quoting *Spenlinhauer v. O'Donnell*, 261 F.3d 113, 119 n.7 (1st Cir. 2001)); *In re Thompson*, 965 F.2d 1136, 1144 (1st Cir. 1992), *as amended* (May 4, 1992) (a chapter 7 debtor has standing to pursue an appeal if "the order appealed from affects the terms of the debtor's discharge in bankruptcy"). Moreover, after notice and an opportunity to be heard, neither the Bechem Creditors nor the Chapter 7 Trustee objected to the Debtor's right to

continue to prosecute the New York Appeal following conversion of the chapter 11 case to a case under chapter 7. *See* (Docs. 331, 334); § 102(1).

Finally, after notice and an opportunity to be heard, neither the Bechem Creditors nor the Chapter 7 Trustee objected to the Debtor employing the Pace Firm to represent him in the New York Appeal following case conversion. *See* (Docs. 331, 334); § 102(1). The Court sees no conflict between the Pace Firm representing the Debtor personally in the New York Appeal following case conversion where, as here, the Chapter 7 Trustee does not object to the representation at no cost to the estate and has opted not to get involved in the appeal. Further, Court approval is not required for the Debtor to retain the Pace Firm to continue to represent him personally in the appeal because § 327, which governs retention of professional persons by the trustee, does not apply to a chapter 7 debtor's retention of a professional person to represent his personal interests. *In re Colvin*, 2006 WL 2385272, at *1 (Bankr. N.D. Ill. Aug. 15, 2006) ("Chapter 7 debtors may employ an attorney postpetition for their own benefit so long as estate funds are not used to compensate the attorney . . . . An example might be where the debtor hires counsel to defend a dischargeability action."); *accord In re Kapperud*, 2023 WL 5421812, at *4 (Bankr. D. Mont. Aug. 22, 2023) ("[Section] 327 does not apply to the retention of professionals by a debtor that is not a debtor in possession."); *In re Weibel, Inc.*, 176 B.R. 209, 212 (9th Cir. BAP 1994) ("Counsel for the debtor . . . represents the debtor and not the estate or the creditors. Therefore, court approval of employment is not necessary."); 3 Collier on Bankruptcy § 327.05 ("Under the Code, . . . court approval is not necessary for the appointment of an attorney for the debtor in a liquidation case under chapter 7 . . . .").

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT the pendency of the chapter 7 case poses no impediment to the Debtor's continued prosecution of the New York

Appeal or his retention of the Pace Firm to represent him in the appeal without further Court approval.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 24, 2025

COPY TO:

Scott Cargill
Attorney for Debtor
Velarde & Yar
4004 Carlisle Blvd NE, Suite S
Albuquerque, NM 87107

Spencer Lewis Edelman
Attorney for the Bechem Creditors
Modrall Sperling Roehl, Harris & Sisk PA
PO Box 2168
Albuquerque, NM 87103-2168

Sharan Abraham
Attorney for Vicente Toribio
Borrelli & Associates, P.L.L.C.
910 Franklin Avenue, Suite 205
Garden City, NY 11530

Joseph Pace
J. Pace Law, PLLC
231 Norman Ave Unit 104
Brooklyn, NY 11222